FILED

2018 SEP 18 AM 11: 35

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTHONY TREADWELL, an
individual, and ANDREW SNEED,
an individual,

                      Plaintiffs,           Case No.: 3:18-cv-1117-J-39PDB

vs.

THE CITY OF JACKSONVILLE,
a municipal corporation in the State
of Florida,

                      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ANTHONY TREADWELL and ANDREW SNEED, by and through their undersigned counsel, hereby file this Complaint and Demand for Jury Trial against Defendant, THE CITY OF JACKSONVILLE, and allege as follows:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. Plaintiffs bring the instant action, pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964 ("Title VII,"), and the Florida Civil Rights Act ("FCRA,") §760.01, et. seq., Fla. Stat. to correct unlawful employment practices and make Plaintiffs whole.

2. Plaintiffs are citizens and residents of Duval County, Florida.

3. Plaintiffs are employees of Defendant, and were therefore in contractual relationships with Defendant within the meaning of 42 U.S.C. §1981.

4. Plaintiffs are employees as the term is defined by 29 U.S.C. §203 and §760.20, Florida Statutes.

5. Defendant is a municipal corporation in the state of Florida.

6. Defendant is an employer as the term is defined by 29 U.S.C. §203 and §760.20, Florida Statutes.

7. The Court has jurisdiction over the instant action pursuant to 42 U.S.C. §1981 and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in this Court.

**SATISFACTION OF ADMINISTRATIVE PREREQUISITES**

10. All conditions precedent to bringing this action have been satisfied.

11. Plaintiffs timely filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC), in which they alleged violations of the applicable state and federal statutes. Such filings satisfied his filing requirement with the Florida Commission on Human Relations (FCHR), under the applicable work-sharing agreement between the two agencies. A copy of the charges are attached as **Exhibit "A."**

12. Each Plaintiff recevied a notification of Right to Sue was received from the EEOC, copies of which are attached as **Exhibit "B."**

13. This Complaint has been filed within ninety (90) days of receipt thereof.

14. More than 180 days have passed since the filing of Plaintiffs' charges of discrimination with the appropriate administrative agency, and therefore he has satisfied the administrative requirements for pursuing a claim under the Florida Civil Rights Act.

15. Defendants each qualify as an employer as defined by the laws under which this action is brought and the Defendants individually and collectively employ the required number of employees.

**GENERAL ALLEGATIONS**

16. Plaintiffs were hired by Defendant in 2003 to work for the Jacksonville Fire and Rescue Department ("JFRD") and were eventually assigned to work at the JFRD academy.

17. During their employment at the JFRD academy, Plaintiffs became aware of efforts by Defendant to "get rid of" of Captain Eric Mitchell.

18. Specifically, Lieutenant Brown told Plaintiffs that they would be officially assigned to certain classes in order to create the appearance that they were too busy to train Mitchell, but they did not need to actually attend the classes.

19. Lieutenant Brown told Plaintiffs to stop helping the Mitchell and to "let him fail."

20. At other times, Lieutenant Brown told Plaintiffs that they need to "get rid of" Mitchell.

21. Mitchell was demoted from his position and filed a lawsuit against the City of Jacksonville on October 9, 2015 alleging that his transfer was the result of race discrimination.

22. On October 14, 2016, Plaintiffs were deposed as witnesses in the lawsuit filed by Mitchell and gave testimony regarding the orders they received from Lieutenant Brown.

23. On March 31, 2017, Plaintiffs were transferred from their positions at the JFRD training academy to other positions at the JFRD, resulting in a loss of compensation.

## COUNT I: VIOLATION OF 42 U.S.C. §1981

24. Plaintiffs reincorporate the allegations made in paragraphs 1-3, 5, 7, and 9-23 as fully as if reasserted herein.

25. Plaintiffs' testimony constituted protected activity under 42 U.S.C. §1981.

26. Defendant transferred Plaintiffs in retaliation for their protected activity.

27. Defendant's retaliatory acts were intentional and are were in violation of the Plaintiffs' rights as protected by 42 U.S.C. §1981.

28. As a direct and proximate result of said acts, Plaintiffs have suffered and continue to suffer losses of employment, losses of income, losses of other employment benefits, and have suffered and continue to suffer distress, humiliation, great expense, embarrassment, and damage to their reputations.

WHEREFORE, Plaintiffs, demand a trial by jury as to all issues triable as of right by a jury and further demand judgment against Defendant: requiring Defendant, to promote the Plaintiffs to positions of equal duties and responsibilities as Plaintiffs would have received but for the discriminatory conduct; preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; awarding Plaintiffs back pay, prejudgment interest, and damages for all employment benefits they would have received but for the discriminatory and retaliatory acts and practices of Defendant; awarding Plaintiffs compensatory and punitive

damages; awarding reasonable attorney's fees and costs incurred in this action; and ordering any other relief this Court deems to be just and appropriate.

## COUNT II: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

29. Plaintiffs reincorporate the allegations made in paragraphs 1-2, 4-6, and 9-23 as fully as if reasserted herein.

30. Plaintiffs' testimony constituted protected activity under 42 U.S.C. § 2000e-3(a).

31. Defendant transferred Plaintiffs in retaliation for their protected activity.

32. Defendant's retaliatory acts were intentional and are were in violation the Plaintiffs' rights as protected by 42 U.S.C. § 2000e-3(a).

33. As a direct and proximate result of said acts, Plaintiffs have suffered and continue to suffer losses of employment, losses of income, losses of other employment benefits, and have suffered and continue to suffer distress, humiliation, great expense, embarrassment, and damage to their reputations.

WHEREFORE, Plaintiffs, demand a trial by jury as to all issues triable as of right by a jury and further demand judgment against Defendant: requiring Defendant, to promote the Plaintiffs to positions of equal duties and responsibilities as Plaintiffs would have received but for the discriminatory conduct; preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; awarding Plaintiffs back pay, prejudgment interest, and damages for all employment benefits they would have received but for the discriminatory and retaliatory acts and practices of Defendant; awarding Plaintiffs compensatory and punitive damages; awarding reasonable attorney's fees and costs incurred in this action; and ordering any other relief this Court deems to be just and appropriate.

## COUNT III: VIOLATIONS THE FLORIDA CIVIL RIGHTS ACT

34. Plaintiffs reincorporate the allegations made in paragraphs 1-2, 4-6, and 8-23 as fully as if reasserted herein.

35. Plaintiffs' testimony constituted protected activity under § 760.10(7), Fla. Stat.

36. Defendant transferred Plaintiffs in retaliation for their protected activity.

37. Defendant's retaliatory acts were intentional and are were in violation the Plaintiffs' rights as protected by § 760.10(7), Fla. Stat.

38. As a direct and proximate result of said acts, Plaintiffs have suffered and continue to suffer losses of employment, losses of income, losses of other employment benefits, and have suffered and continue to suffer distress, humiliation, great expense, embarrassment, and damage to their reputations.

WHEREFORE, Plaintiffs, demand a trial by jury as to all issues triable as of right by a jury and further demand judgment against Defendant: requiring Defendant, to promote the Plaintiffs to positions of equal duties and responsibilities as Plaintiffs would have received but for the discriminatory conduct; preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; awarding Plaintiffs back pay, prejudgment interest, and damages for all employment benefits they would have received but for the discriminatory and retaliatory acts and practices of Defendant; awarding Plaintiffs compensatory and punitive damages; awarding reasonable attorney's fees and costs incurred in this action; and ordering any other relief this Court deems to be just and appropriate.

## DEMAND FOR JURY TRIAL

39. Plaintiffs demand a jury to hear and decide all issues of fact so triable.

Respectfully submitted this 18th day of September, 2018,

**DELEGAL LAW OFFICES, P.A.**
/s/ T.A. "Tad" Delegal, III
T.A. "Tad" Delegal, III
Fla. Bar No.: 892701
James C. Poindexter
Florida Bar No.: 0116039
T.A. "Tad" Delegal, III
Fla. Bar No.: 892701
424 East Monroe Street
Jacksonville, FL 32202
Telephone No.: (904) 633-5000
Facsimile No.: (904) 358-2850
Email: tad@delegal.net
Email: james@delegal.net
Secondary Email: office@delegal.net
Attorneys for Plaintiff